IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SEASTROM, | No. C-10-5645 TEH (PR) |
|     Petitioner, | ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES |
|     v. | |
| KATHY ALLISON, Warden, | |
|     Respondent. | |
| _____/ | (Doc. #13) |

Petitioner, a state prisoner presently incarcerated in the California Substance Abuse Facility in Corcoran, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a criminal judgment from Santa Clara County Superior Court. Doc. #1. Respondent has filed a motion to dismiss the petition for failure to exhaust state remedies. Petitioner has not filed an opposition. For the reasons discussed below, Respondent's motion to dismiss is GRANTED. Doc. #13.

//

//

//

**I**

On May 29, 2008, Petitioner was sentenced to four years and four months in state prison following his plea of nolo contendere to one count of lewd and lascivious conduct on a child under 14 and three counts of preparing falsified documentary evidence. Doc. #1 at 2-3. Petitioner did not appeal his conviction. Petitioner unsuccessfully sought post-conviction relief in the state courts, alleging that his plea bargain was breached.

On May 21, 2010, the state trial court denied Petitioner's request for free copies of the case file for the underlying conviction and free transcripts of the related proceedings. Doc. #1 at 12 and Exh. A. This request was filed separately from Petitioner's state habeas petitions. See, e.g., Doc. #6, Exh. A.

On December 13, 2010, Petitioner filed the instant federal Petition for a Writ of Habeas Corpus followed. Petitioner sought federal habeas corpus relief by alleging the following two claims: the trial court denied him his right to due process by (1) violating the terms of his plea agreement; and (2) refusing to provide him with free copies of his trial transcripts for use in his state and federal habeas proceedings.

On March 22, 2012, the Court dismissed as untimely Petitioner's claim that the terms of his plea agreement were breached. See Doc. #12.

Respondent's pending motion to dismiss seeks dismissal of Petitioner's remaining claim regarding his trial transcripts for failure to exhaust state remedies.

//
//

**II**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity" designed to give a State "'an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The court generally may not grant relief on an unexhausted claim, see 28 U.S.C. § 2254(b)(1).

Both the legal basis and the factual basis of the claim must be "fairly presented" to the state courts in order to exhaust. See Picard, 404 U.S. at 275; Peterson v. Lampert, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc). It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. See Picard, 404 U.S. at 277. The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 368 (1995). With regard to the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional

3

principle upon which [the petitioner] relies.'" <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted). If federal state remedies have not been exhausted as to all claims, the district court must dismiss the petition. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982); <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988).

### III

Petitioner's remaining ground for habeas relief is that the trial court violated his due process rights by refusing to provide him with free copies of his trial transcripts for use in his state and federal habeas proceedings. It is a violation of equal protection to deny an indigent prisoner a transcript for use in habeas proceedings, where such transcripts could be purchased by claimants with sufficient funds to do so. <u>Long v. Dist. Court of Iowa</u>, 385 U.S. 192, 194-95 (1966). Petitioner's request for free legal transcripts was denied by the state trial court on May 21, 2010. Doc. #13, Exh. A at 7. There is no indication that Petitioner presented this claim as a claim of constitutional error before the California Supreme Court. Accordingly, he did not exhaust state remedies for this claim. <u>Duncan</u>, 513 U.S. at 365-66. The instant Petition contains only unexhausted claims; therefore the Court must dismiss the petition. <u>See</u> <u>Rose</u>, 455 U.S. at 510.

### IV

For the foregoing reasons, Respondent's motion to dismiss for failure to exhaust state remedies is GRANTED. Doc. #13. The instant Petition for a Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. This dismissal is

4

without prejudice to Petitioner's returning to federal court after exhausting his state court remedies by presenting his claims to the California Supreme Court.

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED   *08/02/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.10\Seastrom-10-5645-dismissal.wpd

5